UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARTY RICHARDSON,

        Petitioner,

v.                                                  Case Number 06-10721
                                                   Honorable David M. Lawson

KENNETH MCKEE,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTIONS FOR EVIDENTIARY HEARING AND APPOINTMENT OF COUNSEL

The petitioner, Marty Richardson, a state inmate currently incarcerated at the Bellamy Creek Correctional Facility in Ionia, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. To date, the respondent has not filed an answer to the petition; indeed, the respondent has not yet been ordered to answer the petition. Before the Court are the petitioner's motions for an evidentiary hearing and appointment of counsel.

The petitioner's request for an evidentiary hearing at this point in the proceedings is premature. Rule 8, Rules Governing Section 2254 Cases in the United States District Courts states, in pertinent part:

> If the petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required.

Rule 8(a), Rules Governing Section 2254 Cases. The Court will reconsider petitioner's motion if, following receipt of the responsive pleading and Rule 5 materials, the Court determines that an evidentiary hearing is necessary.

A petitioner has no absolute right to be represented by counsel on federal habeas corpus

review.  *See Abdur-Rahman v. Mich. Dep't of Corrs.,* 65 F.3d 489, 492 (6th Cir. 1995).  "'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court.  It is a privilege not a right.'"  *Childs v. Pellegrin,* 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *U.S. v. Madden,* 352 F.2d 792, 793 (9th Cir. 1965)).  Furthermore, since the Court finds that neither an evidentiary hearing nor discovery are necessary at this time, the interests of justice do not require appointment of counsel.  *See* 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c).

Accordingly, it is **ORDERED** that the petitioner's motion for evidentiary hearing [dkt # 4] is **DENIED** without prejudice.

It is further **ORDERED** that the petitioner's motion for appointment of counsel [dkt # 3] is **DENIED** without prejudice.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: February 23, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 23, 2006.

s/Tracy A. Jacobs<br>
TRACY A. JACOBS

---